UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IVAN ORTEGA,
A35-747-795

                      Petitioner,

ORDER TRANSFERRING CASE
AS PETITION FOR REVIEW
PURSUANT TO RIDA

05-CV-2365 (NGG)

   –against–

ALBERTO GONZALEZ, Attorney General of
the United States of America, EDWARD J.
MC ELROY, New York District Director for
Immigration & Naturalization Service,
J.P. YOUNG, Facility Director of the Federal
Detention Center, Oakdale, Louisiana,
CRAIG ROBINSON, District Director for the
Louisiana District, IMMIGRATION &
NATURALIZATION SERVICE,

              Respondents.
-----------------------------------------------------------X
GARAUFIS, United States District Judge.

On May 13, 2005, petitioner Ivan Ortega filed the instant petition seeking the following relief: (1) a writ of mandamus enjoining Ortega's "indefinite detention in INS custody" and "compelling the District Director to take action on Ortega's requests for his release"; (2) a writ of habeas corpus pursuant to 28 U.S.C. § 2241 compelling Ortega's release from INS custody; and/or (3) a declaratory judgment "acknowledging that the petitioner is a national [of the United States] . . . and not subject to mandatory detention pursuant to Section 236 of the Immigration and Nationality Act." (Ortega Pet. ¶ 1.)

At the time his petition was filed, Ortega was not yet subject to an administratively final

1

order of removal. However, on June 7, 2005, the Board of Immigration Appeals dismissed Ortega's appeal from the decision of the Immigration Judge who ordered his removal. See Guttlein Lttr., June 20, 2005, Ex. A. Both Ortega and the government agree that Ortega is now subject to a final order of removal.

For the reasons that follow below, this court lacks jurisdiction over Ortega's dual habeas claims that, due to his status as a national of the United States, he (1) may not be deported and (2) may not be detained pending the resolution of his administrative and judicial appeals. The Real ID Act of 2005 deprived this court of jurisdiction to review the first claim, which must be transferred to the Court of Appeals for the Fifth Circuit. The Supreme Court's decision in Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004), likewise established that jurisdiction to hear the second claim lies exclusively in the Western District of Louisiana, where Ortega is being detained.

Lacking jurisdiction over Ortega's core claims, this court also declines to exercise jurisdiction over Ortega's declaratory judgment claim and request for a writ of mandamus. These claims are dismissed without prejudice, and may be raised before either the Western District of Louisiana or the Fifth Circuit.

**I.      The Real ID Act of 2005 ("RIDA") Requires that Ortega's Challenge to His Final Order of Removal Be Transferred to the Court of Appeals for the Fifth Circuit**

The enactment of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, on May 11, 2005, deprived this court of jurisdiction over Ortega's claim that he is a national and therefore not subject to removal from the United States. RIDA amended the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by

2

adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act. . . .

RIDA § 106(a)(1)(B).

Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion. Moreover, Congress explicitly provided that the RIDA provision requiring a district court to transfer any cases currently before it to the appropriate court of appeals would take immediate effect upon enactment. Specifically, RIDA § 106(c) states:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

RIDA further clarifies that a petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2). Accordingly, this court is without jurisdiction to entertain any of Ortega's claims challenging the decision of the immigration authorities to remove Ortega from the United States.

3

## II. Only the District Court for the District Where Ortega is Detained Has Jurisdiction over Ortega's Challenge to His Present Physical Confinement

This court also lacks jurisdiction to hear Ortega's claim that he is not subject to detention under Section 236 of the INA, 8 U.S.C. § 1226(c) because he is a national of the United States.[1] In Padilla, the Supreme Court articulated a bright-line rule governing so-called "core habeas petitions"—those challenging the present physical confinement of the petitioner. With respect to such petitions, the Court held, "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 124 S. Ct. at 2718, 2722 (2004). Accord Deng v. Garcia, 352 F.Supp.2d 373, 375-76 (E.D.N.Y. 2005) (Garaufis, J.); Shehnaz v. Ashcroft, No. 04 Civ. 2578, 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004).

Ortega is currently detained at the Federal Detention Center in Oakdale, Louisiana. (Ortega Pet. ¶ 3.) Accordingly, jurisdiction over the portion of his habeas petition challenging his present physical confinement lies only in the Western District of Louisiana.

## III. No Mandamus or Declaratory Judgment Relief Shall Issue

Having resolved that this court must transfer the central claims raised by Ortega in this petition, I also find that it would be inappropriate to exercise jurisdiction over Ortega's claims pursuant to either the mandamus or declaratory judgment statutes.

28 U.S.C. § 1361 provides that "the district courts shall have original jurisdiction of any

---

[1]The contours of this claim have since shifted somewhat, due to the fact that Ortega is now subject to mandatory detention pursuant to INA § 241, rather than § 236, because the order of removal entered against him has become administratively final. However, Ortega's brief letter of June 20, 2005 suggests that Ortega still intends to challenge his detention, this development notwithstanding.

4

action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Ortega thus argues that a writ of mandamus should issue to enjoin his continued detention, apparently under the theory that the immigration officials owe a duty to release any United States citizen inappropriately detained as a deportable foreign national. A writ of mandamus under Section 1361, however, "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Here, it is clear that avenues of relief via the habeas statute lie open to Ortega, albeit only in the Fifth Circuit and Western District of Louisiana. Therefore, even assuming arguendo that various immigration officials owe Ortega a clear nondiscretionary duty, the issuance of a writ of mandamus would be inappropriate at this time.

I also decline to exercise jurisdiction over Ortega's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. In determining whether jurisdiction lies to issue a declaratory judgment, the courts of the Second Circuit generally consider: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy. See Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 360-61 (2d Cir. 2003).

Here, Congress, in adopting RIDA, has undertaken unambiguous action to consolidate habeas appeals from adverse decisions of the immigration authorities in this nation's courts of

appeals.  In light of this decision, it would be unwise for the district courts to nonetheless continue to hear immigration appeals using their authority under the Declaratory Judgment Act.  Such a situation could indeed produce a "race to res judicata," and create conflicting assessments, and potentially conflicting judgments, as to individual immigration appeals, thus exacerbating the legal uncertainty facing appellants and responsible immigration authorities alike.  This potentiality cautions strongly against the exercise of jurisdiction by the district courts over immigration appeals based on the Declaratory Judgment Act, at least where a corresponding habeas appeal has been transferred to the appropriate court of appeals under RIDA.  I therefore dismiss Ortega's declaratory judgment claims without prejudice.

## III.  Conclusion

For the reasons set forth above, the claims contained in Ortega's petition may not be heard in this District.  The Clerk of Court is therefore directed to transfer the portion of Ortega's petition challenging his final removal order to the United States Court of Appeals for the Fifth Circuit because the immigration judge completed Ortega's removal proceedings at Oakdale, Louisiana, which lies within the territorial jurisdiction of the Fifth Circuit.  In accordance with the procedures adopted by the Second Circuit for case transfers made pursuant to RIDA, I hereby issue a stay of deportation as to Ortega.  The Court of Appeals for the Fifth Circuit may, of course, vacate this stay upon receipt of this petition, and the government may move for such relief before the Fifth Circuit.

The Clerk is also directed to transfer the portion of Ortega's petition challenging his confinement at the Federal Detention Facility in Oakdale, Louisiana pending the resolution of his appeals to the Western District of Louisiana for further proceedings.

Finally, Ortega's requests for a writ of mandamus and a declaratory judgment compelling Ortega's release on the grounds that he is a national of the United States are dismissed without prejudice.

SO ORDERED.

Dated: June 28, 2005  /s/ Nicholas Garaufis
     Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                                    United States District Judge